UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CRIMINAL CASE NO. 10-72-KSF-CJS-3
CIVIL CASE NO. 11-7176-KSF-CJS-3

UNITED STATES OF AMERICA                                                       PLAINTIFF

v.                                   **REPORT AND RECOMMENDATION**

MILTON ORR KENNEY                                                              DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On July 18, 2011, Defendant Milton Orr Kenney, pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (R. 149). Defendant filed two Motions to Supplement his pending Motion to Vacate. (R. 159, 160). On September 9, 2011, the United States filed a Motion to Dismiss the Motion to Vacate, Set Aside or Correct Sentence (R. 164), to which Defendant filed a Response. (R. 167). Having all relevant documents before the Court, this matter is now ripe for consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it is **RECOMMENDED** that the District Court **DENY** Defendant's Motion to Vacate and **GRANT** the United States' Motion to Dismiss.

I.      BACKGROUND

On June 15, 2010, Defendant, along with four others, was indicted by a federal grand jury, charged with knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1). (R. 1). Defendant entered into a sealed Plea Agreement and on November 18, 2010, pled guilty to distributing crack cocaine and was convicted. (*Id.*; R. 85, 161). As part of the Plea Agreement, Defendant waived his

right to appeal and collaterally attack his guilty plea, conviction, sentence, and any order of restitution. (R. 87, at ¶ 7). However, Defendant reserved the right to appeal the District Court's determination that he is a career offender. (*Id.*). On February 16, 2011, District Judge Karl S. Forester overruled Defendant's objection to his classification as a career offender and sentenced him to 60 months of imprisonment, to be followed by an 8-year term of supervised release. (R. 130, 131, 154). Defendant did not appeal the conviction.

On July 18, 2011, Defendant filed the pending motion pursuant to 28 U.S.C. § 2255. Defendant's Motion presents four grounds for relief that each address his classification as a career offender. (R. 149). Specifically, Defendant alleges that: 1) he is not a career offender because an offense he was previously charged with that was used by the District Court to determine he is a career offender is not a violent crime; 2) he was not charged with aggravated assault, but rather was charged with fourth degree assault, a misdemeanor, and therefore not a violent crime; 3) the findings of a Presentence Report (PSR) cannot determine whether a prior state conviction is a crime of violence; and 4) the prior convictions used to determine that he is a career offender are 10 and 21 years old, and the latter conviction was reversed. (*Id.*).

## II.  ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief on grounds that his sentence violated the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To succeed on a § 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United*

2

*States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

A. **Defendant's Valid Waiver Bars Relief**

The written Plea Agreement provides that Defendant waived the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution. (R. 87, at ¶ 7). In the Plea Agreement, Defendant did reserve the right to file a direct appeal of any determination that he was a career offender. (*Id.*). A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a plea, conviction, and/or sentence; it is not a direct appeal. Thus, absent exceptional circumstances, the relief sought by Defendant is barred by the express waiver in Defendant's written Plea Agreement.

It is well-established that even a constitutional right may be waived, as long as a defendant did so by knowingly and voluntarily entering into a plea agreement. *See, e.g., United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). The Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collaterally attack bars such relief. *See Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). The exception to this rule is where the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (citing *Watson*, 165 F.3d at 489).

Defendant does not address the waiver issue. However, the transcript of the rearraignment establishes that Defendant's plea was knowing and voluntary. During the rearraignment, the Assistant United States Attorney orally advised the Court and the Defendant of the contents of the Plea Agreement, including that Defendant "waived his right to appeal and attack collaterally his guilty plea and conviction, including any order of restitution and any sentence." (R. 161, at 6).

3

Defendant affirmed to the Court that he heard the Assistant United States Attorney explain the essential terms of the Plea Agreement. (R. 161, at 7). Defendant also represented to the Court that the Assistant United States Attorney had stated the essential terms of the Plea Agreement as he understood them. (*Id.*). In addition, Defendant verified that no one had made any further promises or assurances to him that were not reflected in the Plea Agreement. (*Id.*). Defendant also stated under oath that no one had forced him to enter into the Plea Agreement. (*Id.*).

After conducting a full and complete Rule 11 colloquy, the Court concluded that Defendant was competent and capable of entering an informed plea, and that his plea of guilty was knowing and voluntary. (R. 161, at 14). Therefore, the record shows that Defendant knowingly, intelligently, and voluntarily waived his right to collaterally attack his sentence. Accordingly, Defendant's waiver is valid and bars his § 2255 Motion.

### B. Defendant's Claim is Procedurally Defaulted

Although the Court concludes that Defendant's § 2255 motion should be dismissed based on the waiver provision contained in his Plea Agreement, in the alternative, the Court concludes that Defendant's Motion can also be dismissed because his claim is procedurally defaulted. In general, a petitioner is barred from raising claims in a § 2255 motion when the claims were not presented on direct appeal. *United States v. Frady*, 456 U.S. 152, 167-68 (1982). In the instant case, Defendant did not file a direct appeal, even though his Plea Agreement specifically provided him the right to do so. (R. 87, at ¶ 7).

When a defendant has failed to raise an issue on direct appeal, the claim may be raised in a motion pursuant to § 2255 only if the defendant can demonstrate cause for the default and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Here,

4

Defendant's reason for not filing a direct appeal of the District Court's determination that he was a career offender is that he thought he could obtain more time to do so. (R. 149, at 3). In addition to failing to demonstrate actual cause that would excuse his default, Defendant does not allege any prejudice. Defendant also failed to allege his actual innocence. As the United States Supreme Court has stated, habeas review is an extraordinary remedy and "will not be allowed to do service for an appeal." *Bousley*, 523 U.S. at 621 (citing *Reed v. Farley*, 512 U.S. 339, 354 (1994)). Since Defendant did not file a direct appeal of the District Court's determination, and because his claim does not fall under either of the exceptions espoused in *Bousley*, his claim is procedurally defaulted.

Moreover, Defendant's claim is not typically cognizable in a § 2255 proceeding. In *Grant v. United States*, 72 F.3d 503 (6th Cir. 1996), the Sixth Circuit Court of Appeals held that non-constitutional errors, such as mistakes in the application of sentencing guidelines, are not ordinarily cognizable on collateral review. In order to prevail on a § 2255 motion alleging non-constitutional error, a defendant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). Here, Defendant has not shown any error of the District Court, nor a violation of due process.

    C.    **Defendant's Claims Lack Merit**

Although the Court concludes that Defendant's Motion should be dismissed based on his valid waiver or because his claim is procedurally defaulted, Defendant's Motion can also be dismissed on the merits. In his § 2255 Motion, Defendant raises four grounds for relief, each of which describes why the District Court's determination that he is a career offender was incorrect.

5

(R. 149). Essentially, Defendant raises one claim in his § 2255 Motion, but the Court will consider each of his grounds individually.

### 1. Defendant is a career offender because unlawful imprisonment is a crime of violence.

Defendant argues that the District Court erred in determining that he is a career offender because a crime he was previously convicted of was not a crime of violence and should not have been used to determine that he was a career offender. Defendant's Motions to Supplement clarify that it is his 1999 conviction for Unlawful Imprisonment, First Degree, that underlies this claim. (R. 159, at 1; R. 160, at 1). Defendant maintains that this conviction should not be considered a violent crime because of the underlying circumstances why he committed the crime; specifically, that he was preventing the mother of his unborn child from using crack cocaine. (*Id.*). While his reasons for committing the crime may be mitigating § 3553(a) factors, they should not be considered when determining whether career offender status is proper.

In determining whether a prior conviction is a violent felony, courts apply the "categorical approach," and consider only the statutory definition of the crime. *Taylor v. United States*, 495 U.S. 575 (1990). While *Taylor* dealt with whether burglary was a violent felony in accordance with the Armed Career Criminal Act, the "categorical approach has also been applied to determinations made pursuant to the Guidelines." *United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir. 1995). A court may only look at the underlying facts of a crime if the statute of conviction is ambiguous and could cover a wide range of behavior, meaning that the crime could be committed in a violent and non-violent manner. *Taylor*, 495 U.S. at 587. Here, Defendant was convicted of Unlawful Imprisonment, First Degree, a violation of Kentucky Revised Statute § 509.020. The statute

provides, "a person is guilty of unlawful imprisonment in the first degree when he knowingly and unlawfully restrains another person under circumstances which expose that person to a risk of serious physical injury." K.R.S. § 509.020. Since the statutory definition of unlawful imprisonment involves restraint and the risk of serious physical injury, the crime cannot be committed in a non-violent manner. Therefore, the statute of conviction is unambiguous and the Court should not examine the underlying facts of the crime.

In *United States v. Roberts*, No. 94-5122, 1995 WL 29457, at *1 (6th Cir. Jan. 25, 1995), the Sixth Circuit Court of Appeals examined the case of *United States v. Kaplansky*, 42 F.3d 320 (6th Cir. 1994). The court in *Roberts* held that the decision in *Kaplansky*, finding attempted kidnapping to be a crime of violence, "provides analogous authority for the conclusion that the crime of unlawful imprisonment under Ky. Rev. Stat. & R. Serv. 509.020 (Baldwin 1991), 'categorically' involves 'conduct that presents a serious potential risk of physical injury to another,' as defined in 4B1.2(1)(ii)." *Roberts*, 1995 WL 29457, at *1. Therefore, unlawful imprisonment is a crime of violence and the use of Defendant's unlawful imprisonment conviction to determine career offender status was proper.

### 2. Defendant is a career offender because it is irrelevant whether one of his prior convictions was a misdemeanor.

Defendant argues that the District Court erred in finding that career offender status was proper because one of his prior convictions was only a misdemeanor. (R.149, at 5). Defendant claims that he was never charged with aggravated assault, but was charged with fourth degree assault, a misdemeanor. (*Id.*). However, even if Defendant's contention is accurate, it is irrelevant. Upon examination of the record, the two offenses used by the District Court in determining that

career offender status was appropriate were the 1999 conviction for Unlawful Imprisonment, First Degree and the 1989 conviction for Trafficking in a Controlled Substance (cocaine). (R. 120, at 2-3). The assault conviction was not used by the District Court in determining career offender status.

> **3. Defendant is a career offender because the findings of the Presentence Report did not determine whether his prior state conviction was a crime of violence.**

Defendant argues that the District Court erred in determining career offender status was appropriate because "a PSR cannot constitute whether a prior state conviction is a crime of violence." (R. 149, at 6-7). In his argument, Defendant relies on *United States v. Wynn*, 579 F.3d 567 (6th Cir. 2009). In *Wynn*, the Sixth Circuit Court of Appeals held that the district court could not rely on factual recitations made in a Presentence Report (PSR) in order to determine whether a state conviction under a "generic" statute was a crime of violence. *Wynn,* 579 F.3d at 577. In the instant case, the District Court did not rely on a factual recitation from the PSR in order to determine that the unlawful imprisonment conviction was a crime of violence; the District Court relied on the unambiguous statutory definition of the crime. (R. 154, at 11). Since the District Court did not rely on a factual recitation made in the PSR, but instead on the clear language in the statute of conviction, Defendant's argument fails.

> **4. Defendant is a career offender because he was over the age of 18 when he committed the qualifying crimes and Defendant's trafficking conviction was not reversed or vacated.**

Defendant argues that the District Court erred in classifying him as a career offender because the two prior convictions used by the District Court to assign him career offender status are too old to be considered. (R. 149, at 8). In addition, Defendant claims that one of his convictions was

reversed, and therefore should not have been used in finding that career offender status was appropriate. (*Id.*).

Pursuant to United States Sentencing Guidelines § 4B1.1, "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a violent felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. Here, it is undisputed that Defendant was at least eighteen years old at the time he committed the instant offense and that it is a controlled substance offense. As for the third requirement, Defendant has two proper predicate offenses under the Guidelines for the imposition of career offender status: a 1989 conviction for Trafficking in a Controlled Substance (cocaine) and a 1999 conviction for Unlawful Imprisonment. With these two convictions, the three-prong test for career offender status designation is met.

Defendant argues that his 1989 conviction for Trafficking in a Controlled Substance was reversed, and therefore should not have been used by the District Court in determining that career offender status was proper. While counsel for Defendant initially argued that the trafficking conviction was vacated, at Defendant's sentencing hearing, Defendant's counsel represented to the Court that it was not vacated and withdrew that objection to the District Court's determination of career offender status. (R. 112, at 2-3; R. 154, at 3). Further, a review of the materials submitted to the District Court by the United States prove that Defendant's 1989 trafficking conviction was not

9

vacated.[1] (R. 120-1). Therefore, since both convictions were proper qualifying offenses for career offender status, and the trafficking conviction was not vacated, Defendant's argument fails.

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

---

[1] Defendant's trafficking conviction has a complicated history, but review of that history shows the conviction was not vacated. The jury that convicted Defendant of trafficking also found Defendant to be a Persistent Felony Offender. (R. 120, 120-1). As a result, the jury essentially recommended an enhanced penalty of 20 years of imprisonment on each of these convictions, to run concurrently. *Id.* However, the trial court determined that it was bound to run the sentences consecutively, because Kentucky law required consecutive sentences due to the fact that Defendant was on parole when he committed the offenses. *Id.* The judgment was affirmed by the Kentucky Supreme Court. *Id.*

Defendant filed several pro se motions to vacate his sentence, alleging it violated K.R.S. § 532.110(1)(c) and § 532.080, which concern maximum aggregate sentences. *Id.* The Kentucky Court of Appeals upheld the sentence. *Id.* In 2004, Defendant challenged his sentence again on grounds that the sentence exceeded the maximum aggregate penalty allowed by statute and that the trial jury was improperly instructed on concurrent and consecutive sentences. *Id.* The Kentucky Court of Appeals found that its previous decisions affirming the Defendant's convictions were binding, but indicated that the jury instruction issue had merit. *Id.* However, the Court of Appeals affirmed Defendant's sentence because the issue was known at trial and was not raised on direct appeal. *Id.* Nevertheless, in August 2008 the Commonwealth's Attorney motioned the court to run Defendant's sentences concurrently. *Id.* The court on August 12, 2008, granted the motion to modify the sentence and run the sentences concurrently. *Id.* Therefore, while Defendant's sentence was modified, the conviction itself was never reversed or vacated.

constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1) The United States' Motion to Dismiss (R. 164) be **GRANTED;**

(2) Defendant's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (R. 149) be **DENIED;**

(3) a Certificate of Appealability be **DENIED** by the District Court in conjunction with the Court's entry of its final order in this matter; and,

(4) this action be **STRICKEN** from the active docket of this Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written

and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This 28th day of November, 2011.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2255 R&R general\10-72 Kenney.wpd