UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 10-72-KSF-CJS-3
(CIVIL ACTION NO. 11-7176-KSF-CJS-3)

UNITED STATES OF AMERICA                                        PLAINTIFF


v.                              **OPINION & ORDER**


MILTON ORR KENNEY                                              DEFENDANT

* * * * * * * * * * * *

This matter is before the Court upon the Motion of the Defendant, Milton Orr Kenney, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence [DE #149] and the responsive Motion to Dismiss filed by the United States. [DE #164]. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration. After reviewing *de novo* the Magistrate Judge's Report and Recommendations [DE #190] and Defendant's Objections thereto [DE #192], this Court adopts and incorporates the decision of the Magistrate Judge as the opinion of the Court and denies the motion to vacate.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On June 15, 2010, Defendant, along with four other individuals, was indicted by a federal grand jury and charged with knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1) [DE #1]. Pursuant to a plea agreement with the United States, on November 18, 2010, Defendant pleaded guilty to distributing crack cocaine [DE #85, 161]. As part of the plea agreement, Defendant waived his right to appeal and collaterally attack his guilty plea, conviction, sentence and any order

of restitution [DE #87].  However, Defendant reserved the right to appeal the Court's determination that he is a career offender [*Id.*].   At his rearraignment, Defendant explicitly confirmed his waiver of his right to appeal or collaterally attack his guilty plea, conviction, sentence and any order of restitution, other than his right to appeal the Court's determination that he is a career offender [DE #85].  Defendant also confirmed that he was aware that, should he be found to be a career offender, he could be facing a significant sentence [*Id*].  The Court accepted Defendant's guilty plea [DE #85]. On February 16, 2011, the Court overruled Defendant's objection to his classification as a career offender and sentenced him to 60 months of imprisonment, to be followed by an 8-year term of supervised release [DE #130, 131, 154]. Defendant did not appeal the conviction.  Specifically, Defendant did not pursue an appeal of the Court's classification of Defendant as a career offender.

Despite Defendant's waiver of the right to collaterally attack his guilty plea, conviction and sentence, Defendant filed a motion to vacate under 28 U.S.C. § 2255 [DE #149].  In his motion, Defendant presents four grounds for relief, each addressing his classification as a career offender [*Id*.].  Specifically, Defendant argues that: 1) he is not a career offender because an offense with which he was previously convicted and that was used by the Court to determine he is a career offender, unlawful imprisonment, is not a violent crime; 2) he was not charged with aggravated assault, but was instead charged with fourth degree assault, a misdemeanor, and therefore not a violent crime; 3) the findings of a Presentence Report (PSR) cannot determine whether a prior state conviction is a crime of violence; and 4) the prior convictions used to determine his career offender status are 10 and 21 years old, and the latter conviction was reversed [*Id*.].

Reviewing the record, the Magistrate Judge determined that, in his written plea agreement, Defendant made a knowing and voluntary waiver of his right to appeal or collaterally attack his

2

sentence and that this waiver bars the relief sought by Defendant by his §2255 motion. Although the Magistrate Judge noted that Defendant did reserve the right to file a direct appeal of any determination that he was a career offender, she also noted that a motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a plea, conviction, and/or sentence; it is not a direct appeal. According to the Sixth Circuit in *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998), a defendant may waive his right to appeal in a plea agreement so long as the waiver is made knowingly and voluntarily. *See also Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). Moreover, in *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999), the Sixth Circuit held that a defendant may waive the right to collaterally attack a sentence in a plea agreement. The exception to the general rule regarding waiver is if the collateral attack concerns the validity of the waiver itself. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

Here, the Magistrate Judge reviewed the transcript of Defendant's rearraignment and found that Defendant's plea, including his waiver of his right to collaterally attack his guilty plea, conviction, and sentence, was knowing and voluntary. In addition, Defendant's § 2255 motion does not address the waiver issue, nor does it otherwise challenge the validity of the waiver. Thus, the Magistrate Judge found that the record shows that Defendant knowingly, intelligently, and voluntarily waived his right to collaterally attack his sentence. Accordingly, the Magistrate Judge determined that Defendant's waiver is valid and bars his § 2255 motion.

In addition, the Magistrate Judge alternatively found that Defendant's motion should also be dismissed because his claim is procedurally defaulted. Specifically, she found that Defendant's claims regarding his career offender status are barred by *United States v. Frady*, 456 U.S. 152, 167-68 (1982) because he failed to raise these issues on direct appeal. Although an issue that a defendant

3

has failed to raise on direct appeal may be raised in a § 2255 motion if the defendant can demonstrate cause for the default and actual prejudice, or that he is actually innocent, *Bousley v. United States*, 523 U.S. 614, 622 (1998), the Magistrate Judge found that Defendant's claim does not fall under either of these exceptions. Specifically, she found that Defendant's reason for not filing a direct appeal regarding this Court's determination that he was a career offender - that he thought he could obtain more time to do so [DE #149] - is insufficient to excuse his default. In addition, Defendant does not allege any prejudice, nor does he allege his actual innocence. Accordingly, the Magistrate Judge determined that his claim is procedurally defaulted.

In addition, the Magistrate Judge determined that Defendant's claim presented here is not typically cognizable in a § 2255 proceeding. *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996)(non-constitutional errors, such as mistakes in the application of sentencing guidelines, are not ordinarily cognizable on collateral review). Although a defendant may prevail on a § 2255 motion alleging non-constitutional error by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process," *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)(quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)), the Magistrate Judge determined that the Defendant here has not shown any error of the District Court, nor a violation of due process.

Although these grounds alone are each sufficient to deny Defendant's Motion, the Magistrate Judge proceeded to consider the merits of Defendant's claims. The Magistrate Judge first considered Defendant's argument that this Court erred in determining that he is a career offender because one of the crimes of which he was previously convicted, unlawful imprisonment, first degree, was not a crime of violence. The Magistrate Judge considered Defendant's argument that this conviction

should not be considered a violent crime because he committed the crime to prevent the mother of his unborn child from using crack cocaine. The Magistrate Judge rejected this argument, correctly noting that, in determining whether a prior conviction is a violent felony, courts apply the "categorical approach," and consider only the statutory definition of the crime. *Taylor v. United States*, 495 U.S. 575 (1990). In this case, Defendant was convicted of Unlawful Imprisonment, First Degree, in violation of KRS § 509.020. This statute specifically provides that "a person is guilty of unlawful imprisonment in the first degree when he knowingly and unlawfully restrains another person under circumstances which expose that person to a risk of serious physical injury." KRS § 509.020. Thus, because the statute unambiguously requires proof of restraint and risk of serious physical injury, the Court should not examine the underlying facts of the crime in determining whether it is a violent crime. *United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir. 1995). *See also United States v. Roberts*, 1995 WL 29457 at *1 (6th Cir. Jan. 25, 1995)(unpublished). Accordingly, as unlawful imprisonment in the first degree is a crime of violence, the Magistrate Judge found that this Court's use of Defendant's unlawful imprisonment conviction to determine Defendant's career offender status was proper.

Defendant next argues that this Court erred in determining his career offender status because one of his prior convictions was only a misdemeanor. Specifically, he claims that he was never charged with aggravated assault, but was charged with fourth degree assault, a misdemeanor. After examining the record, the Magistrate Judge found that, even if Defendant's contention is correct, it is irrelevant because Defendant's prior assault conviction was not used by this Court in determining Defendant's career offender status.

5

Next, the Magistrate Judge considered Defendant's argument that this Court erred in determining his career offender status because "a PSR cannot constitute whether a prior state conviction is a crime of violence" [DE #149]. The Magistrate Judge noted that, in *United States v. Wynn*, 579 F.3d 567 (6th Cir. 2009), the Sixth Circuit Court of Appeals held that the district court could not rely on factual recitations made in a Presentence Report (PSR) in determining whether a state conviction under a "generic" statute was a crime of violence. However, after examining the record, the Magistrate Judge found that this Court did not rely on a factual recitation from the PSR in determining that Defendant's unlawful imprisonment conviction was a crime of violence [DE #154]. Rather, the Court relied on the clear language in the statute of conviction [*Id.*]. Thus, Defendant's argument fails.

The Magistrate Judge next considered Defendant's argument that this Court erred in classifying him as a career offender because the two prior convictions used by this Court to assign him career offender status are too old and one of his convictions was reversed. The Magistrate Judge rejected this argument and found that the use of the two predicate offenses - here, a 1989 conviction for trafficking in a controlled substance (cocaine) and a 1999 conviction for unlawful imprisonment - were proper. The Magistrate Judge further found that, with these two convictions, the three-prong test for career offender status found in United States Sentencing Guidelines § 4B1.1 is met. The Magistrate Judge further examined Defendant's contention that his 1989 conviction for trafficking in a controlled substance was reversed. The Magistrate Judge first noted that, while Defendant's counsel initially argued that this conviction was vacated, at Defendant's sentencing hearing, his counsel represented to the Court that it was not vacated and withdrew that objection to the Court's determination of Defendant's career offender status [DE #112, 154]. The Magistrate Judge further

6

examined the material submitted to the District Court by the United States and found that, while Defendant's sentence for his 1989 trafficking conviction was modified, the conviction itself was never reversed or vacated. Thus, the Magistrate Judge found that Defendant's argument that these two convictions were improperly used by the District Court in determining his career offender status fails.

For all of these reasons, the Magistrate Judge recommended that Defendant's motion to vacate be dismissed. In addition, the Magistrate Judge determined that reasonable jurists would not debate the denial of Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further on appeal. Accordingly, the Magistrate Judge recommended that a certificate of appealability be denied by this Court.

## II.    ANALYSIS

Defendant has filed objections to the Magistrate Judge's Report & Recommendation [DE #192]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). Here, the Court agrees with the Magistrate Judge that the record reveals that Defendant made a knowing and voluntary waiver of his right to appeal or collaterally attack his guilty plea, conviction, sentence and any order of restitution, other than his right to appeal the Court's determination that he is a career offender, and, in view of *Hunter*, *Watson*, and *Davila*, Defendant has waived his right to raise the collateral attacks that form the basis of his motion and objections. The Court further agrees that Defendant's motion should be dismissed because his claims regarding his career offender status are procedurally defaulted due to his failure to raise these issues on direct

appeal. *Frady*, 456 U.S. at 167-68. For each of these reasons alone, Defendant's motion must be denied.

However, even considering the merits of Defendant's claims, his claim that this Court erred in classifying him as a career offender fails because: 1) contrary to Defendant's argument, unlawful imprisonment in the first degree, as defined by KRS § 509.020, is a crime of violence; 2) Defendant's prior conviction for assault, whether aggravated assault or fourth degree assault (a misdemeanor), was not used by this Court in determining Defendant's career offender status; 3) in determining whether Defendant's conviction for unlawful imprisonment in the first degree was a crime of violence, this Court relied on the clear language of the statute, not a factual recitation from the PSR; and 4) the District Court properly used Defendant's prior 1989 conviction for trafficking in a controlled substance and 1999 conviction for unlawful imprisonment in determining Defendant's career offender status. Thus, for the reasons set forth more fully by the Magistrate Judge in her Report and Recommendation, Defendant's § 2255 motion must fail.

Moreover, Defendant's objections to the Magistrate Judge's Report and Recommendation are unavailing. In his objections, Defendant argues that, in his plea agreement, he reserved the right to argue that he is not a career offender. However, Defendant overlooks that, while he did reserve the right to appeal this Court's determination that he was a career offender, he failed to avail himself of that right. As noted above, this Court agrees with the Magistrate Judge's determination that Defendant's claim is procedurally defaulted and that he fails to fall under the exceptions that would permit him to raise his claims regarding his career offender status in a § 2255 motion despite his failure to raise the issue on direct appeal. Specifically, his reason for not filing a direct appeal regarding his career offender status is insufficient to excuse his default, he does not allege any

8

prejudice, nor does he allege his actual innocence.  Thus, notwithstanding Defendant's reservation of his right to appeal the career offender issue, his claim is procedurally defaulted.

In addition, Defendant continues to argue that his unlawful imprisonment conviction was not a "crime of violence."  However, under the "categorical" approach that must be applied in determining whether Defendant's prior conviction is a violent felony, the Court may only consider the statutory definition of the crime.  *Taylor*, 495 U.S. 575; *Arnold*, 58 F.3d at 1121.  The Kentucky statute prohibiting unlawful imprisonment, KRS § 509.020, clearly and unambiguously states that "[a] person is guilty of unlawful imprisonment in the first degree when he knowingly and unlawfully restrains another person under circumstances which expose that person to a risk of serious physical injury."  KRS § 509.020.  Thus, unlawful imprisonment in the first degree in Kentucky is a violent felony, regardless of how Defendant might have committed it, including whether, as he contends, he committed the crime in order to prevent the mother of his unborn child from smoking crack cocaine.[1]  Defendant also argues that his unlawful imprisonment conviction should not be considered a violent crime because, on the Judgment entered by the Bourbon Circuit Court, the Court did not check a box indicating that the victim actually suffered death or serious physical injury.  However, under the "categorical" approach, whether or not the victim was actually injured is irrelevant in determining whether the crime is considered a violent crime.  Indeed, the fact that the victim in Defendant's case was not actually injured says nothing about whether or not Defendant attempted or threatened to use physical force against her.  For these reasons, as well as the reasons more fully cited above and by the Magistrate Judge, Defendant's objection fails.

---

[1]For the same reason, Defendant's objection that the victim's conduct should have been considered under U.S.S.G. § 5K2.10 is also without merit.

Defendant also continues to argue that the prior convictions used by this Court to assign him career offender status are too old to be considered.  However, having reviewed the record, as well as the relevant provisions of the United States Sentencing Guidelines, this Court finds this argument to be without merit.  With respect to his unlawful imprisonment conviction, he was sentenced to two years of imprisonment on February 13, 2001, well within the fifteen-year time period provided by U.S.S.G. § 4A1.2(e).   In addition, in 1990, Defendant was sentenced to twenty years of imprisonment for his 1989 trafficking conviction and he was not paroled until April 9, 1999.  Thus, he served time on this felony within fifteen years of the current offense at issue.  *See United States v. Robertson*, 260 F.3d 500, 510-511 (6th Cir. 2001)(noting that, for prior crimes of violence to be considered under U.S.S.G. § 4A1.1, the general criminal history scoring provision, or § 4B1.1, the career offender provision, the defendant must have served time on the crimes within fifteen years of the date of his current offense).

Defendant also continues to object that his 1989 conviction for trafficking in a controlled substance was reversed in 2008.  However, after reviewing the record, this Court agrees with the Magistrate Judge's finding that, although Defendant's sentence was modified, the conviction itself was never reversed or vacated.  Moreover, the Court notes that, although Defendant's counsel initially argued that this conviction was vacated prior to Defendant's sentencing, at the sentencing hearing, Defendant's counsel represented to the Court that Defendant's 1989 trafficking conviction was not vacated and withdrew this objection to the Court's determination of Defendant's career offender status [DE #112, 154].

Finally, although Defendant argues that he has "a constitutional right not to be sentenced on the basis of misinformation of constitutional magnitude," and that his career offender status is based

10

on inaccurate information in violation of due process, he fails to identify the misinformation or inaccurate information to which he refers, nor does he explain how this misinformation is of a "constitutional magnitude." Thus, this objection is without merit.

For all of these reasons, the Magistrate Judge's Report and Recommendation will be adopted as and for the opinion of this Court.

In determining whether a certificate of appealability should issue as to Defendant's claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. The Court determines that Defendant has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

After having considered Defendant's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation. Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1)     the Magistrate Judge's Report and Recommendation [DE #190] is ADOPTED as and for the opinion of the Court;

(2)     the Defendant's objections to the Magistrate Judge's Report and Recommendation [DE #192] are OVERRULED;

(3)     the Defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [DE #149] is DISMISSED WITH PREJUDICE;

11

(4)     judgment will be entered contemporaneously with this opinion and order in favor of the United States; and

(7)     that this is a final Order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the Defendant has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue.

This June 25, 2012.

Signed By:

_Karl S. Forester_   K S F

**United States Senior Judge**